IN THE UNITED STATES COURT OF APPEALS
                      FOR THE FIFTH CIRCUIT

                         _____

                          No. 97-31318
                         Summary Calendar
                         _____


WADE P. JACKSON,

                                        Plaintiff-Appellant,

versus

BLANE LACHNEY; IDEOLETT, Lieutenant:
BURL CAIN, Warden, Louisiana State Penitentiary,
DORA RABALAIS,

                                        Defendants-Appellees.

                     - - - - - - - - - -
             Appeal from the United States District Court
                 for the Middle District of Louisiana
                        USDC No. 96-CV-7483
                     - - - - - - - - - -
                        December 8, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Wade P. Jackson, Louisiana prisoner No. 113076, appeals the

dismissal of his civil rights complaint against Louisiana

Department of Corrections (DOC) employees Warden Burl Cain,

Captain Blain Lachney, Lieutenant Ideolett, and Dora Rabalais.

     Jackson alleges that Captain Lachney and Lieutenant Ideolett

subjected him to retaliation and that Warden Cain and Ms.

Rabelais thwarted his attempts to obtain administrative relief

against defendants Lachney and Ideolett.  The record reflects

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that Jackson has not exhausted his administrative remedies as to defendants Lachney and Ideolett.  Accordingly, we AMEND THE JUDGMENT to reflect that Jackson's claims against defendants Lachney and Ideolett are DISMISSED WITHOUT PREJUDICE, and AFFIRM AS AMENDED.  Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

The district court erred in concluding that Jackson's complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  The record lacks adequate factual development to support the district court's conclusion that Jackson's claims against defendants Cain and Rabalais are frivolous on the basis that Jackson did not submit his requests for administrative relief to the appropriate persons.  We assume, without deciding, that Jackson was not required to exhaust administrative remedies with regard to his claims that defendants Cain and Rabalais refused to process his requests for administrative relief,[**] and REMAND to the district court for additional factual development in light of Ruiz v. United States, ___ F.3d ___, No. 97-20950, 1998 WL 770642 at * 2 (5th Cir. Nov. 20, 1998); Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.), cert. denied, 118 S. Ct. 559 (1997); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); and Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994).

AMENDED AND AFFIRMED IN PART, AS AMENDED; VACATED AND REMANDED IN PART.

---

[**] See Underwood, 151 F.3d at 295.